## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **CINDY LYNN COLBERT,** | § | |
| **F/K/A CINDY LYNN COLAO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.:** _____ |
| | § | |
| **PENNCRO ASSOCIATES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, PENNCRO ASSOCIATES, INC., files this Notice of Removal of Cause No.096-234219-08, styled *Cindy Lynn Colbert, f/k/a Cindy Lynn Colao v. Penncro Associates, Inc.*, from the 96th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division as follows:

### A. Background and Facts

1.      On or about December 4, 2008, Plaintiff, Cindy Lynn Colbert. ("Plaintiff") filed her Plaintiff's Original Petition against Defendant, Penncro Associates, Inc. in the 96th Judicial District Court of Tarrant County, Texas. A true and correct copy of Plaintiff's Original Petition is attached hereto and incorporated herein by reference as Exhibit "A." In her Original Petition, Plaintiff seeks damages for alleged violations of the Fair Credit Reporting Act (15 U.S.C., § 1681, et. seq.), Chapter 392 of the Texas Finance Code, the Common Law Tort of Unreasonable Collection and, Invasion of Privacy as a result of Penncro's attempt to collect a consumer debt belonging to "Cindy Lynn Colbert, f/k/a Cindy

1

Lynn Colao" in violation of a discharge order issued by the United States Bankruptcy Court for the Northern District of Texas , Case number 06-34334-blh. The Plaintiff did not include a jury demand in her Original Petition.

2.     In accordance with 28 U.S.C., §1446(a), Penncro is also attaching copies of the following pleadings filed in the state court cause of action and attached hereto as: Exhibit "A" - Plaintiff's Original Petition, filed on December 4, 2008; Exhibit "B" - Citation issued in the state action on December 15, 2008 and which was returned on December 22, 2008; Exhibit "C" - Defendant's Original Answer, filed by certified mail on December 23, 2008; The parties have not exchanged any discovery at this time.

3.     Defendant received Plaintiff's Original Petition on December 15, 2008 via first class mail to its registered agent. Accordingly, Defendant is filing this notice of removal within the 30-day time period required by 28 U.S.C., §1446(b).

## B. Basis for Removal - Federal Question

4.     This cause is removable on the basis of federal question jurisdiction. Plaintiff asserts in her Original Petition that Defendant violated various sections of a federal statute, the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* ("FCRA"). *See* Plaintiff's Original Petition, paragraphs 29, 29, 30, 31, 32, 33, and 34. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1441(b) because Plaintiff has asserted claims arising under the laws of the United States.

5.     Penncro is the only Defendant made a part of this action.

6.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

2

7.     Defendant will promptly file a copy of this notice of removal with the clerk of

the state court where the action has been pending.

WHEREFORE, PENNCRO ASSOCIATES, INC. gives notice that Cause No. 096-

234219-08 in the 96th Judicial District of Tarrant County, Texas is hereby removed from the

state court to the United States District Court for the Northern District of Texas, Fort Worth

Division, and Defendant prays for such other and further relief to which it may show itself to

be justly entitled to receive.

Respectfully submitted,

BARRON, NEWBURGER, SINSLEY & WIER, PLLC

By: //s// Ed Walton
Ed Walton; SBN: 20828550
Keith Wier; SBN: 21436100
Fed. I.D. 7930
101 Metro Drive, Suite A
Terrell, Texas 75160
Telephone: (972) 499-4833
Facsimile: (972) 563-1598

**ATTORNEYS FOR DEFENDANT,
PENNCRO ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William L. Manchee                                        *Via Facsimile 972.233.0713*
MANCHEE & MANCHEE, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251


                                        //s// Ed Walton
                                        Ed Walton

CAUSE NO. 236219 08

| CINDY LYNN COLBERT | § | IN THE DISTRICT COURT |
| F/K/A CINDY LYNN COLAO | § | |
| | § | |
| **Plaintiff** | § | ____TH JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| PENNCRO ASSOCIATES, INC. | § | |
| **Defendant** | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, CINDY LYNN COLBERT, F/K/A CINDY LYNN COLAO, A/K/A CINDY LYNN MARTIN ("Ms. Colbert" or "Plaintiff"), and complains of Penncro Associates, Inc., (Penncro), the Defendant, and respectfully shows the following:

### I. INTRODUCTION

1. This is an action for actual damages, punitive damages, injunctive relief, legal fees and expenses filed by the Plaintiff for the Defendant's violation of the Texas Finance Code, unreasonable collection, invasion of privacy, and for actual and statutory damages for the willful, knowing, and/or negligent violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. §1681 et seq., (known as the "*Fair Credit Reporting Act*", hereafter the "*FCRA*") which relates to the dissemination of consumer credit and other financial information.

### II. PARTIES

2. The Plaintiff is a natural person residing in Tarrant County, Texas and she is a "consumer" as defined by Tex. Finance Code §392.001(1) and the FCRA.

Plaintiff's Original Petition - Page 1



EXHIBIT

A

3. The Defendant is a foreign limited liability company who may be served by serving its registered agent, CT Corporation System, 305 N. St. Paul St., Dallas, TX 75201.

4. After a reasonable opportunity for further investigation and discovery Ms. Colbert says that she will have evidentiary support to show that Defendant is a furnisher of consumer credit information to Equifax, Inc., Experian Information Systems, Inc., and TransUnion.

## III. JURISDICTION AND VENUE

5. The Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6) and the FCRA.

6. Venue is proper in Tarrant County, under Texas Civil Practice & Remedies Code Section 15.017 because the Plaintiff resides in Tarrant County when this claim accrued.

## IV. DISCOVERY PLAN

7. Pursuant to Texas Rule of Civil Procedure 190.4, Plaintiff asserts that this suit should be designated level 2 for the purposes of a discovery control plan.

## V. FACTUAL ALLEGATIONS

8. Plaintiff filed bankruptcy and was discharged on January 3, 2007 with the Defendant receiving a copy of the discharge order. The case number was 06-34334-bjh7 and it was filed in the Northern District of Texas Bankruptcy Court.

9. The Victoria's Secret asserted a pre-petition claim against Ms. Colbert in an attempt to collect a consumer debt allegedly owed by Plaintiff. The debt was later assigned to Defendant either directly or through World Financial Network National Bank. The debt required Ms. Colbert to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. The claim was listed on Schedule "F", as a general unsecured claim.

Plaintiff's Original Petition - Page 2

10. On October 5, 2006, Ms. Colbert filed a mailing matrix with the Bankruptcy Court that provided Victoria Secret's correct address.

11. On or about October 5, 2006, the Clerk of the Bankruptcy Court for the Northern District of Texas, mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including Victoria Secret, and other parties based on the mailing matrix previously filed the Bankruptcy Court. This mailing constituted formal notice to Victoria's Secret of the above Chapter 7 Bankruptcy. This notice warned all creditors, including the Defendant, in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362. The United States Postal Service did not return the notice sent to Victoria's Secret. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that the addressee received the notice mailed to it by the Clerk of the Bankruptcy Court.

12. On January 3, 2007, the Bankruptcy Court issued an order granting Ms. Colbert a discharge (the said order followed Official Form B18, including the explanatory language contained therein). The order discharged Ms. Colbert from any liability for the pre-petition claim. Included with this order was an explanation of the general injunction prohibiting the Defendant and others holding pre-petition claims from attempting to collect the claims from Ms. Colbert.

13. On January 6, 2007, the order discharging Ms. Colbert was mailed out to all creditors and other parties listed on the mailing matrix previously filed the Bankruptcy Court. This mailing constituted formal notice of Ms. Colbert's discharge and the replacement of the automatic stay with the discharge injunction of 11 U.S.C. §524(a). The order and notice warned all creditors including the Defendant, in conspicuous language, that collection of discharged

Plaintiff's Original Petition - Page 3

debts was prohibited. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that the addressee received the notice mailed to it by the Clerk of the Bankruptcy Court. The Discharge order is attached herein as "Exhibit A" and is incorporated herein by reference.

14. At no time has Victoria's Secret or Defendant objected to or disputed the details of the claim in the October 5, 2006, schedules. At no time during the Chapter 7 case did Ms. Colbert reaffirm the debt. At no time during the Chapter 7 case was the pre-petition claim declared to be non-dischargeable.

15. Following the January 3, 2007 discharge, the Defendant engaged in debt collection activity against Ms. Colbert by accepting the account for collection from Victoria's Secret or World Financial Network National Bank and,

a. On one or more occasions after the discharge, in connection with an effort to collect the discharge debt, Penncro requested and obtained Plaintiff's consumer report from one or more consumer reporting agencies. At the time Defendant requested, obtained and used Plaintiff's consumer report as above described, no permissible purpose as required by Section 1681b of the FCRA existed; and

b. On October 10, 2008 and again on October 13, 2008 Defendant sent written demands for payment in an attempt to collect the discharged debt. The discharge extinguished Defendant's right to collect the account and Plaintiff's legal obligation to pay it. The bankruptcy discharge changed the legal status of the account by making it a non-recourse liability. Once the Defendant received notice of the bankruptcy discharge and the resulting change in the legal status of the debt, the Defendant had no right to attempt to collect it. Copies of the demands for payment are attached hereto as Exhibits "B" and "C."

Plaintiff's Original Petition - Page 4

## VI. DAMAGES

16. Plaintiff has or will face credit denials and higher costs in many types of consumer transactions because the Defendant's improper reviews of her credit reports. Furthermore, the attempts to collect her discharged debt, violations of the Texas Finance Code, unreasonable collection and invasions of her privacy caused plaintiff to suffer embarrassment, mental anguish, inconvenience, and other pecuniary and non-pecuniary damages.

17. After a reasonable opportunity for further investigation and discovery, says that she will have evidentiary support to show that the FICO© scoring models continue to penalize the "debtors" such as Plaintiff for illegal and defamatory reporting and credit pulls such as the Defendant's actions that are the subject of this complaint.

18. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

19. The violations of the Tex. Fin. Code §§ 391.002, Tex. Fin. Code § 392.301(a)(8), Tex. Fin. Code § 392.304(a)(8), and Tex. Fin. Code § 392.304(a)(19) are ongoing in nature, Defendant is liable for any and all future harm suffered by Plaintiff as a result of Defendant's conduct.

### VIII. GROUNDS FOR RELIEF - COUNT 1

### TEXAS FINANCE CODE

20. Ms. Colbert repeats, re-alleges, and incorporates by reference paragraphs 7 through 19.

21. The Defendant's violations of the Texas Finance Code, include, but are not limited to the following:

Plaintiff's Original Petition - Page 5

22. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt; and/or

23. In violation of Tex. Fin. Code § 392.304(a)(19), the Defendant used false representations or deceptive means to collect a debt.

24. Tex. Fin. Code § 392.301(a)(8) prohibits the Defendant from taking an action prohibited by law.

25. Under Tex. Fin. Code Ann. § 392.403, the said violations renders the Defendant liable to Plaintiff for actual damages, statutory damages, for injunctive relief, costs, and, reasonable attorney's fees.

26. The above Texas Finance Code provisions are not preempted by the Fair Credit Reporting Act, *Maloney v. LVNV LLC*, Slip Copy, 2006 WL 3006484, N.D. Tex., October 20, 2006 (NO.CIV.A.3:06-CV-0452).

## XI. GROUNDS FOR RELIEF - COUNT IV.

### COMMON LAW TORT OF UNREASONABLE COLLECTION

27. Ms. Colbert repeats, re-alleges, and incorporates by reference paragraphs 7 through 19. The above described debt collection efforts of Defendant constitutes a pattern of harassment that is willful, wanton, malicious, and intended to inflict mental anguish.

## XII. GROUNDS FOR RELIEF COUNT V

### VIOLATION OF THE FCRA

**28** Plaintiff restates and reiterates herein all previous paragraphs

**29.** The actions of Penncro as above described violated the FCRA in that it requested, obtained and used Plaintiff's consumer report without a permissible purpose.

Plaintiff's Original Petition - Page 6

**30.** Pursuant to 15 U.S.C. §1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (I) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681o, the costs of the action together with reasonable attorneys' fees.

**31** Pursuant to 15 U.S.C. §1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (I) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

32. Pursuant to 15 U.S.C. §1681q, it is unlawful for any person to knowingly and wilfully obtain information on a consumer from a consumer reporting agency under false pretenses.

33. The Defendant's failure to comply with the FCRA as above described was willful, as contemplated under 15 U.S.C. §1681n of the FCRA, entitling Plaintiff to the remedies set forth therein. In addition, defendants actions constituted the knowing and willful acquisition of information on a consumer from a consumer reporting agency under false pretenses, entitling the Plaintiff to the remedies permitted under law for violation thereof.

34. In the alternative, the Defendant's failure to comply with the FCRA as above described was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA, entitling Plaintiff to the remedies set forth therein.

Plaintiff's Original Petition - Page 7

### XIII. GROUNDS FOR RELIEF  COUNT VI

### INVASION OF PRIVACY

Plaintiff restates and reiterates herein all previous paragraphs.

Penncro's conduct, as described herein, constituted an invasion of Plaintiff's solitude and seclusion which was offensive to any person of ordinary sensibilities. Said invasion was an unreasonable intrusion into the private life and matters of Plaintiff, and has damaged Plaintiff.

Penncro's conduct, as described herein, constitutes an unlawful and actionable invasion of Plaintiff's privacy, which conduct has damaged Plaintiff, entitling Plaintiff to an award of damages, compensatory and punitive, against Asset.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ms. Colbert, prays that the Court will:

A.      Enter judgment in favor of  Ms. Colbert and against Penncro for statutory damages, actual damages, costs, pre and post judgment interest, and reasonable attorneys' fees as provided by Tex. Fin. Code Ann. § 392.403;

B.      Award punitive damage not less than three times the actual damages, including attorneys' fees, costs and expenses awarded in this case;

C.      Declare that the Defendant's actions violate the Texas Finance Code;

D.      Enjoin the Defendant's actions which violate the Texas Finance Code; Award to plaintiff, and for the benefit of the undersigned attorneys, all of the attorneys' fees, costs and expenses incurred in representing  in these matters;

E.      Award plaintiff her damages under the FCRA.

F.      Award plaintiff her damages for invasion of privacy.

G.      Award plaintiff pre-judgment interest as allowed by law.

Plaintiff's Original Petition - Page 8

H.      Grant such other and further relief, in equity or in law to which Ms. Colbert might show herself justly entitled.

Respectfully submitted,

William L. Manchee
SBOT 12891200
James J. Manchee
State Bar Number 00796988

Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
972-233-0713 (fax)

Plaintiff's Original Petition - Page 9



## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*                                          *Cause No. 096-234219-08*

CINDY LYNN COLBERT                VS.    PENNCRO ASSOCIATES, INC.

TO: PENNCRO ASSOCIATES INC.            B/S CT CORPORATION SYSTEM
                                       305 N ST PAUL ST
                                       DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 96th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

CINDY LYNN COLBERT

Filed in said Court on December 4th, 2008 Against PENNCRO ASSOCIATES INC.

For suit, said suit being numbered 096-234219-08 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

### WILLIAM L. MANCHEE
Attorney for CINDY LYNN COLBERT Phone No. (972)960-2240
Address     12221 MERIT DR, STE 950 DALLAS, TX 75251

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the December 8th, 2008

By _____ Deputy
                        JUDITH CHICO

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
                        Thomas A. Wilder, Tarrant County District Clerk
                                 401 W BELKNAP
                         Fort Worth, Texas 76196-0402

### OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION having first endorsed on same the date of delivery.

_____

                  Deputy/Constable/Sheriff: _____
                       County of _____ State of _____
                       By _____ Deputy

Fees $_____           _____

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____ day of _____, ___

to certify which witness my hand and seal of office

(Seal)                          _____

                  County of _____, State of _____

**EXHIBIT**

B

CAUSE NO. 096-23421-9-08

| | | |
|---|---|---|
| CINDY LYNN COLBERT, | § | IN THE DISTRICT COURT |
| F/K/A CINDY LYNN COLAO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PENNCRO ASSOCIATES, INC., | § | |
| | § | |
| Defendants. | § | 96TH JUDICIAL DISTRICT |

## DEFENDANT PENNCRO ASSOCIATES, INC.'S
## ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, PENNCRO ASSOCIATES, INC., Defendant in the above-entitled and numbered cause, and in answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

1.      Defendant denies each and every, all and singular, the allegations in Plaintiff's Original Petition, says that the allegations therein are not true, either in whole or in part, and demands strict proof thereof.

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose within 30 days after service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant PENNCRO ASSOCIATES, INC. prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged and go hence without costs, without day, and for all such other and further relief, both general and special, at law and in equity, to which this Defendant may show itself justly entitled.



Respectfully submitted,

BARRON, NEWBURGER, SINSLEY & WIER, PLLC

By:

Keith Wier; SBN: 21436100
Capital One Plaza
5718 Westheimer, Suite 1755
Houston, Texas 77057
(713) 335-0141 Telephone
(713) 335-0150 Facsimile

**ATTORNEYS FOR DEFENDANT
PENNCRO ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via facsimile, and/or by certified mail, return receipt requested on this the 23rd day of December, 2008, as follows:

William L. Manchee                          *Via Facsimile 972.233.0713*
MANCHEE & MANCHEE, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251

Keith Wier

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CINDY LYNN COLBERT,** | § | |
| **F/K/A CINDY LYNN COLAO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.: _____** |
| | § | |
| **PENNCRO ASSOCIATES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF DOCUMENTS FILED
WITH NOTICE OF REMOVAL OF ACTION**

|  | **Name of Document** | **Date filed** |
|---|---|---|
| (A) | Plaintiff's Original Petition | 12/4/08 |
| (B) | Citation | 12/22/08 |
| (C) | Defendant's Original Answer | 12/23/08 |

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CINDY LYNN COLBERT, | § | |
| F/K/A CINDY LYNN COLAO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | **CIVIL ACTION NO.:** _____ |
| | § | |
| PENNCRO ASSOCIATES, INC., | § | |
| | § | |
| **Defendant.** | § | |

## LIST OF COUNSEL OF RECORD

1.    William L. Manchee; SBN: 12891200
      MANCHEE & MANCHEE, LLP
      12221 Merit Drive, Suite 950
      Dallas, Texas 75251
      (972) 960-2240 Telephone
      (972) 233-0713 Facsimile

      **ATTORNEYS FOR PLAINTIFF,
      CINDY LYNN COLBERT,
      F/K/A CINDY LYNN COLAO**

2.    Ed Walton; SBN: 20828550
      Keith Wier; SBN: 21436100
      Fed. I.D. 7930
      BARRON, NEWBURGER, SINSLEY & WIER, P.L.L.C.
      101 Metro Drive, Suite A
      Terrell, Texas 75160
      (972) 499-4833 Telephone
      (972) 563-1598 Facsimile

      **ATTORNEYS FOR DEFENDANT,
      PENNCRO ASSOCIATES, INC.**

Respectfully submitted,

BARRON, NEWBURGER, SINSLEY & WIER, P.L.L.C.

*//s// Ed Walton*
Ed Walton; SBN: 2082855
Keith Wier; SBN: 21436100
101 Metro Drive, Suite A
Terrell, Texas 75160
Telephone: (972) 499-4833
Facsimile: (972) 563-1598
**ATTORNEYS FOR DEFENDANT,
PENNCRO ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2009, l electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William L. Manchee
MANCHEE & MANCHEE, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251

*//s// Ed Walton*
Ed Walton

3

%JS 44 (Rev. 12/07)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CINDY LYNN COLBERT F/K/A CINDY LYNN COLAO

## DEFENDANTS

PENNCRO ASSOCIATES, INC.

**(b)** County of Residence of First Listed Plaintiff **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Buck**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William L. Manchee, Manchee & Manchee, 12221 Merit Dr., Ste. 950, Dallas, TX 75251 - (972) 960-2240

Attorneys (If Known)

Ed Walton, Barron, Newburger, Sinsley & Wier, PLLC, 101 Metro Dr., Ste. A, Terrell, TX 75160 - (972) 499-4833

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 u.s.c § 1681, et. seq.

Brief description of cause:
Alleged violations of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
01/14/2009

SIGNATURE OF ATTORNEY OF RECORD
//s// Ed Walton

## FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

# United States District Court
## Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk=s Office. Additional sheets may be used as necessary.**

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number
    assigned to the case in that court.

    | **Court** | **Case Number** |
    | --- | --- |
    | 96th Judicial District Tarrant County, Texas | 096-23421-9-08 |

2.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
    Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
    party type. Also, please list the attorney(s) of record for each party named and include their
    bar number, firm name, correct mailing address, and phone number (including area code.)

    | **Party and Party Type** | **Attorney(s)** |
    | --- | --- |
    | Cindy Lynn Colbert f/k/a Cindy Lynn Colao | William L. Manchee<br>Manchee & Manchee<br>12221 Merit Drive, Suite 950<br>Dallas, Texas 75251<br>Tel: (972) 960-2240 |
    | Penncro Associates, Inc. | Ed Walton<br>Barron, Newburger, Sinsley & Wier, PLLC<br>101 Metro Drive, Suite A<br>Terrell, Texas 75160<br>Tel: (713) 335-0141 |

3.  **Jury Demand:**

    Was a Jury Demand made in State Court?          • Yes **• No**

**Supplemental Civil Cover Sheet**
**Page 2**

If "*Yes*," by which party and on what date?

_____          _____
Party                                      Date

4.   **Answer:**

Was an Answer made in State Court?          • **Yes** • No

If "*Yes*," by which party and on what date?

Penncro Associates, Inc.                    12/23/08
Party                                        Date

5.   **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                          **Reason(s) for No Service**

6.   **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                          **Reason**

7.   **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                          **Claim(s)**

Plaintiff, Cindy Lynn Colbert      Damaged for alleged violations of the
f/k/a Cindy Lynn Calao             Fair Credit Reporting Act (15 USC
                                   Sect. 1681, et. seq)